IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| EPIC TECH, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TNT SOFTWARE, LLC, )<br>64 BUSINESS CENTER, LLC AND )<br>401 BUSINESS CENTER, LLC )<br>)<br>Defendants. )<br>) | Civil Action No. 4:14-cv-184<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Epic Tech, LLC ("Plaintiff" or "Epic Tech") hereby complains of Defendants TNT Software, LLC, 64 Business Center, LLC and 401 Business Center, LLC (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff Epic Tech, LLC is a Delaware limited liability company with its principal place of business located at 55 Pearson Way, Suite E, Lavonia, Georgia 30553.

2. Defendant TNT Software, LLC is a Florida limited-liability company authorized to transact business in North Carolina, with its principal place of business located at 16820 Vinci Way, Montverde, Florida 34756. On information and belief, Defendant TNT Software, LLC regularly conducts business in this judicial district at least through its offering, sale, licensing, distribution and/or operation of infringing software and sweepstakes devices, either directly or through its distributors or agents acting on its behalf.

3. Defendant 64 Business Center, LLC is a North Carolina limited liability company with its principal place of business located at 65 Glen Road, Suite 347, Garner, North Carolina 27529-7943.

4. Defendant 401 Business Center, LLC is a North Carolina limited liability company with its principal place of business located at 65 Glen Road, Suite 347, Garner, North Carolina 27529-7943.

## JURISDICTION AND VENUE

5. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

6. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

7. This Court has subject matter jurisdiction over this dispute pursuant to 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

8. This Court may exercise personal jurisdiction over Defendants based upon their contacts with this forum, including regularly conducting business in this judicial district, by, *inter alia*, offering, selling, licensing, distributing and/or operating infringing software and sweepstakes devices in this judicial district.

9. On information and belief, Defendants, either directly or through intermediaries or other relationships (including but not limited to distributors, retailers, agents, alter-egos and/or others) offer, sell, license, distribute, operate and/or advertise infringing software and sweepstakes devices in the United States, the State of North Carolina, and the Eastern District of North Carolina.

10. On information and belief, Defendants have purposefully and voluntarily placed infringing software and sweepstakes devices in the stream of commerce with the expectation that their products will be used or operated by end users in the Eastern District of North Carolina.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) or 1400(b).

## BACKGROUND

12. This lawsuit is brought to stop Defendants from infringing valuable intellectual property rights, specifically, four (4) issued patents relating to certain gaming systems and methods.

13. Plaintiff has invested significant amounts of money and time in the development and design of its own sweepstakes gaming systems and devices and has enjoyed widespread consumer success.

14. Defendants' accused sweepstakes gaming systems and devices (collectively, the "Accused Sweepstakes Systems") are nearly exact copies of the protected sweepstakes gaming systems that the Plaintiff patented.

15. Defendants' infringement of Plaintiff's intellectual property rights harms Plaintiff, as customers who might otherwise elect to license or use Plaintiff's sweepstakes gaming systems and devices may elect to license or use the infringing sweepstakes gaming systems and devices.

16. Plaintiff respectfully seeks intervention of this Court to stop Defendants from continuing their present activities and for monetary damages.

3

17. United States Patent No. 8,545,315 (the "'315 Patent") entitled "Gaming System and Method," issued on October 1, 2013 to inventors Mr. Bob Mosley and Mr. Troy Jungmann. Mr. Mosley was and is the founder of Epic Tech, and Mr. Jungmann is and was the Chief Technology Officer for Epic Tech at all relevant times. A copy of the '315 Patent is attached to this Complaint as Exhibit A.

18. On September 8, 2014, a correction of inventorship was filed with the United States Patent and Trademark Office on behalf of Epic Tech to add Mr. Robert Weatherby as a named inventor on the '315 Patent.

19. The '315 Patent was assigned to Epic Tech on September 22, 2014. Virtually since the conception of the '315 Patent, Epic Tech (or the prior assignee of the '315 Patent) has commercialized and used the patented features in its sweepstakes game terminals.

20. United States Patent No. 8,545,317 (the "'317 Patent") entitled "Gaming System and Method," issued on October 1, 2013 to inventors Mr. Bob Mosley and Mr. Troy Jungmann. Mr. Mosley was and is the founder of Epic Tech, and Mr. Jungmann is and was the Chief Technology Officer for Epic Tech at all relevant times. A copy of the '317 Patent is attached to this Complaint as Exhibit B.

21. On September 8, 2014, a correction of inventorship was filed with the United States Patent and Trademark Office on behalf of Epic Tech to add Mr. Robert Weatherby as a named inventor on the '317 Patent.

22. The '317 Patent was assigned to Epic Tech on September 22, 2014. Virtually since the conception of the '317 Patent, Epic Tech (or the prior assignee of the '317 Patent) has commercialized and used the patented features in its sweepstakes game terminals.

23. United States Patent No. 8,585,493 (the "'493 Patent") entitled "Systems and Methods of Playing a Progressive Game," issued on November 19, 2013 to inventors Mr. Bob Mosley and Mr. Troy Jungmann. Mr. Mosley was and is the founder of Epic Tech, and Mr. Jungmann is and was the Chief Technology Officer for Epic Tech at all relevant times. A copy of the '493 Patent is attached to this Complaint as Exhibit C.

24. On September 8, 2014, a correction of inventorship was filed with the United States Patent and Trademark Office on behalf of Epic Tech to add Mr. Robert Weatherby as a named inventor on the '493 Patent.

25. The '493 Patent was assigned to Epic Tech on September 22, 2014. Virtually since the conception of the '493 Patent, Epic Tech (or the prior assignee of the '493 Patent) has commercialized and used the patented features in its sweepstakes game terminals.

26. United States Patent No. 8,496,525 (the "'525 Patent") entitled "Systems and Methods of Playing a Progressive Game," issued on July 30, 2013 to inventors Mr. Bob Mosley and Mr. Troy Jungmann. Mr. Mosley was and is the founder of Epic Tech, and Mr. Jungmann is and was the Chief Technology Officer for Epic Tech at all relevant times. A copy of the '525 Patent is attached to this Complaint as Exhibit D.

27. On September 8, 2014, a correction of inventorship was filed with the United States Patent and Trademark Office on behalf of Epic Tech to add Mr. Robert Weatherby as a named inventor on the '525 Patent.

28. The '525 Patent was assigned to Epic Tech on September 22, 2014. Virtually since the conception of the '525 Patent, Epic Tech (or the prior assignee of the '525 Patent) has commercialized and used the patented features in its sweepstakes game terminals.

**DEFENDANTS' INFRINGING ACTIVITIES**

29. Without Epic Tech's authorization, Defendants have made, used, offered to sell or sold in the United States the Accused Sweepstakes Systems, which infringe one or more claims of the asserted patents. The Accused Sweepstakes Systems include, but are not limited to, the sweepstakes prize feature referred to as the "TNT promotion" that is incorporated into and made available as part of the various Accused Sweepstakes Systems that the Defendants are selling, distributing, licensing and offering to end users at various brick and mortar locations.

30. Epic Tech has been and will continue to be irreparably harmed by Defendants' infringement of the asserted patents.

## COUNT 1: PATENT INFRINGEMENT

31. Epic Tech re-alleges each and every allegation above, and incorporates them by reference herein.

32. Defendants have directly infringed and continue to directly infringe the claims of the '315 Patent, the '317 Patent, the '493 Patent and the '525 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell and selling the Accused Sweepstakes Systems in the United States.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays for:

A. Judgment that Defendants have and are infringing the '315 Patent, the '317 Patent, the '493 Patent and the '525 Patent, in each case in violation of 35 U.S.C. § 271(a);

B. An award of damages adequate to compensate Plaintiff for the patent infringement that has occurred pursuant to 35 U.S.C. § 284;

C. A judgment declaring that Defendants' infringement of the asserted patents has been willful and deliberate;

D. A judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 due to Defendants' willful and deliberate infringement of the asserted patents;

E. A finding that this case is exceptional under 35 U.S.C. § 285;

F. An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285;

G. A grant of preliminary injunction against any and all continuing infringement by the Defendants of the asserted patents before trial;

H. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of patent infringement;

I. Any other accounting for damages;

J. Any other appropriate interest and costs; and

K. Such other and further relief as this Court deems just and proper.

This the 26th day of September, 2014.

/s/ Donald R. Pocock
Donald R. Pocock, NC Bar No. 29393
Attorney for Plaintiff Epic Tech, LLC
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
Telephone: 336.774-3324
Fax: 336.774.3376
E-mail: donald.pocock@nelsonmullins.com
Local Civil Rule 81.3 Counsel

Of Counsel:

Alan Albright
Texas State Bar No.: 00973650
Chris Drymalla
Texas State Bar No.: 24055420
Sutherland Asbill & Brennan LLP
One American Center
600 Congress Avenue, Suite 2000
Austin, Texas  78701-3232
512.721.2700
512.721.2656 (Fax)
Pending admission by Special Appearance
Local Civil Rule 81.3

8